PER CURIAM.
These consolidated appeals arose out of a disagreement between two sisters after their father’s death. Appellee Janice Bil-chik filed a petition against appellant Betsy Ann Rossen under section 732.901, Florida Statutes (2008); subsection (2) of that statute provides:
Upon petition and notice, the custodian of any will may be compelled to produce and deposit the will as provided in subsection (1) [requiring deposit of a will “with the clerk of the court having venue of the estate of the decedent within 10 days after receiving information that the testator is dead”]. All costs, damages, and a reasonable attorney’s fee shall be adjudged to petitioner against the delinquent custodian if the court finds that the custodian had no just or reasonable cause for failing to deposit the will.
Bilchik filed the petition with the clerk on January 11, 2008. Without a hearing and without any proof that the petition had been received by Rossen, on January 15, 2008, a circuit judge entered an order that was tantamount to a final judgment granting full relief under section 732.901 by requiring Rossen to produce the will and awarding $2,500 in attorney’s fees against her. The entry of this order without due process generated a plethora of motions, hearings, and contempt orders.
Rossen appeared in the lawsuit, sometimes with an attorney and sometimes without. She waived any objection to personal jurisdiction. However, she timely objected to the entry of the January 15 order entered without notice and without a hearing. She was entitled to have the order set aside under Florida Rule of Civil Procedure 1.540(b).
We.therefore reverse the January 15, 2008 order requiring production of a will, the June 15, 2009 order denying relief under rule 1.540(b), the December 16, 2008 order granting attorney’s fees and costs, the February 3, 2009 order granting ex *1234 parte witness fees, and affirm the June 2, 2008 order of contempt and remand to the circuit court.
GROSS, C.J., FARMER and STEVENSON, JJ., concur.